UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> MIKE DEWITT, et al., <br><br> Defendants. | CASE NO. 3:17-cv-5963-BHS <br><br> ORDER ON REVIEW OF MOTION TO RECUSE |

On March 16, 2018, Plaintiff Andrea Johnson filed a Motion seeking, *inter alia*, recusal of the Honorable Benjamin H. Settle in this matter. Dkt. #25. On March 19, 2018, Judge Settle issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referred that decision to the Chief Judge for review. Dkt. #26; LCR 3(e).

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse

party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

Ms. Johnson's Motion essentially argues that Judge Settle cannot be impartial because he lives or has lived in the Olympia area and practiced law in that area for many years. *See* Dkt. #25 at 1. Ms. Johnson does not present evidence showing that Judge Settle has a personal bias or prejudice concerning a party to this case, or personal knowledge of disputed evidentiary facts. Judges often serve in the areas they live and have practiced; this accusation is too broad to demonstrate impartiality under the law above.

Ms. Johnson also argues that Judge Settle must be biased because several of her cases have been transferred to Judge Settle after originally being assigned other judges. *See id.* at 2. As Judge Settle's Order explains, "[i]f cases are related in that they appear to involve the same nucleus of facts or arise from the same series of events, then the judge assigned the higher number case may transfer the case to the judge with the lower number case." Dkt. #26 at 3 (citing LCR 42). This is indeed the procedure that applies to all cases, not just Ms. Johnson's, and it does not serve as evidence of bias or impartiality.

Ms. Johnson presents no other valid basis for recusal. Accordingly, the Court hereby finds and ORDERS that Judge Settle's refusal to recuse himself from this matter is AFFIRMED. The Clerk shall provide a copy of this Order to Ms. Johnson.

DATED this 6th day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE