UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREA JOHNSON,<br><br>               Plaintiff,<br><br>   v.<br><br>MIKE DEWITT and TAYLOR LAW GROUP,<br><br>               Defendants. | CASE NO. C17-5963 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND, AND DENYING PLAINTIFF'S MOTIONS |

This matter comes before the Court on Defendants Mike DeWitt and Taylor Law Group's ("Defendants") motion to dismiss (Dkt. 22) and Plaintiff Andrea Johnson's ("Johnson") various motions (Dkts. 44–47, 53, 60–61, 65). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On December 12, 2017, Johnson filed a complaint against Defendants asserting numerous causes of action. Dkt. 4. On March 15, 2018, Defendants moved to dismiss. Dkt. 22. On March 27 and April 12, 2018, Johnson responded. Dkts. 32, 49, 51. On April 13, 2018, Defendants replied. Dkt. 54.

On April 11, 2018, Johnson filed two motions requesting approval to serve Defendants by mail[1] and two motions requesting the entry of default. Dkts. 44–47. On April 13, 2018, Johnson filed another motion requesting approval to serve by mail. Dkt. 53. On April 19, 2018, Johnson filed two motions for reconsideration requesting that the Court reconsider its denial of her motions to appoint an attorney. Dkts. 60–61. On April 27, 2018, Johnson filed a motion to extend initial deadlines. Dkt. 65.

## II. FACTUAL BACKGROUND

This case arises out of a state court commissioner appointing a litigation guardian ad litem for Johnson. Johnson appears to claim that Defendant Dewitt's appointment resulted in malpractice or breach of a fiduciary duty. As explained below, Johnson fails to articulate exactly how Defendant's short appointment resulted in legal harm.

## III. DISCUSSION

A. **Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

In this case, Defendants argue that the Court should dismiss Johnson's complaint because it fails to allege sufficient facts to state a claim against either Defendant. Upon review of the complaint, the Court agrees. It appears that Johnson claims damages based

---

[1] These motions are denied as moot because Taylor Law Group waived service and Johnson served Mike Dewitt.

on Defendants' malpractice or breach of fiduciary duty.  Johnson, however, fails to provide sufficient factual allegations to state such a claim.  Therefore, the Court grants Defendants' motion to dismiss.

The next question is the appropriate remedy.  Dismissal with prejudice is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

Although Defendants request that the Court dismiss Johnson's complaint with prejudice, they have failed to establish that it is absolutely clear that the deficiencies could not be cured by amendment.  Defendants' motion is based on the lack of factual material and not doctrines of immunity or statutes of limitations.  These factual deficiencies could possibly be cured by amendment.  Accordingly, the Court grants Johnson leave to amend her complaint.

**B.    Default**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.  Fed. R. Civ. P. 55(a).

Although Johnson moves for default, Defendants have appeared and defended through their motion to dismiss.  Therefore, the Court denies Johnson's motions for default.

**C.    Reconsideration**

Johnson moves the Court to reconsider its denial of her multiple motions to appoint counsel.  The Court stated in its previous order that "Johnson's claims appear to

lack merit." Dkt. 43 at 2.  This conclusion is confirmed by the Court granting Defendants' motion to dismiss Johnson's complaint for failure to state a claim.  In the absence of a legitimate claim against Defendants, the Court will not reconsider its previous rulings on the appointment of counsel.  Therefore, the Court denies Johnson's motions on this issue.

**D.     Extension of Time**

Although Johnson moves for an extension of time, it is unclear what deadline Johnson requests to be extended.  The parties' joint status report is due May 4, 2018, and it appears that Johnson has communicated with defense counsel regarding the requirements of that report.  *See* Dkt. 66.  Johnson has failed to show that an extension is necessary.  Therefore, the Court denies Johnson's motion on this issue.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 22) is **GRANTED**, Johnson is **GRANTED** leave to amend, and Johnson's motions are **DENIED** (Dkts. 44–47, 53, 60–61, 65).

Johnson shall file an amended complaint no later than May 18, 2018.  Failure to file a complaint or otherwise respond will result in dismissal of this action without further order of the Court.

Dated this 30th day of April, 2018.

BENJAMIN H. SETTLE
United States District Judge