UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREA JOHNSON,<br><br>     Plaintiff,<br><br> v.<br><br>MIKE DEWITT, et al.,<br><br>     Defendants. | CASE NO. C17-5963BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Mike DeWitt ("DeWitt") and Taylor Law Group's (collectively "Defendants") motion to dismiss (Dkt. 72) and Plaintiff Andrea Johnson's ("Johnson") emergency motion for extension of time (Dkt. 74). The Court has considered the pleadings filed in support of and in opposition to the motions and hereby rules as follows:

## I. PROCEDURAL HISTORY

On December 12, 2017, Johnson filed a complaint against Defendants asserting numerous causes of action. Dkt. 4.

On March 15, 2018, Defendants moved to dismiss. Dkt. 22. On April 30, 2018, the Court granted the motion and granted Johnson leave to amend. Dkt. 72.

On May 18, 2018, Johnson filed an amended complaint. Dkts. 70, 71. On June 11, 2018, Defendants moved to dismiss. Dkt. 72. On July 6, 2018, Johnson responded, filed an emergency motion for an extension of time to respond, and supplemented her motions. Dkts. 73–75.[1] On July 11, 2018, Defendants responded. Dkt. 76. On July 23, 2018, Johnson filed a statement regarding her filings. Dkt. 77. On July 30, 2018, Johnson supplemented her response. Dkt. 78.

## II.  FACTUAL BACKGROUND

This case arises out of a state court commissioner appointing DeWitt as a litigation guardian ad litem for Johnson. Johnson appears to claim that Dewitt's appointment resulted in malpractice or breach of a fiduciary duty.

## III.  DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Under Washington law, quasi-judicial immunity "attaches to persons or entities who perform functions that are so comparable to those performed by judges that it is felt they should share the judge's absolute immunity while carrying out those functions." *Savage v. State*, 127 Wn.2d 434, 441 (1995); *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 99 (1992). When quasi-judicial immunity applies, it is an absolute bar to

---

[1] The Court grants the motion for an extension and considered Johnson's responses.

civil liability and necessarily leaves wronged claimants without a remedy. *West v. Osborne*, 108 Wn. App. 764, 773 (2001) (citing *Lutheran Day Care*, 119 Wn.2d at 99; *Babcock v. State*, 116 Wn.2d 596, 606–08 (1991)). The Washington Supreme Court has applied quasi-judicial immunity to a guardian ad litem when the guardian ad litem was acting "as an arm of the court." *Barr v. Day*, 124 Wn.2d 318, 332 (1994). Washington courts have also applied quasi-judicial immunity to a guardian ad litem who was acting within the scope of his statutory duties. *Osborne*, 108 Wn. App at 773–74.

In this case, Defendants argue that DeWitt is entitled to quasi-judicial immunity for his services as Johnson's guardian ad litem. Dkt. 72 at 6–8. The Court agrees because it has previously granted DeWitt this immunity in Johnson's companion case. *See Johnson v. Barnes*, C17-5963BHS, Dkt. 56 (W.D. Wash. June 14, 2018). Moreover, Johnson fails to articulate any allegation that DeWitt or his employer, Taylor Law Group, acted beyond the scope of DeWitt's court-appointed duties. Therefore, Defendants have shown that they are immune from Johnson's claims and that Johnson's complaint should be dismissed.

The next issue is the appropriate remedy. Dismissal with prejudice is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). Defendants have shown that any amendment would be futile, and Johnson has previously been granted leave to amend. Therefore, the Court agrees with Defendants that Johnson's claims should be dismissed with prejudice.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 72) and Johnson's emergency motion for extension of time (Dkt. 74) are **GRANTED** and Johnson's claims are **DISMISSED with prejudice**.  The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 5th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge